**\*NOT FOR PUBLICATION\***
### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYRELL TOLBERT,** | **Civil Action No. 21-1126 (CCC)** |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **OFFICER J. FRIAS, et al.,** | |
| **Defendants.** | |

**CECCHI, District Judge.**

This matter comes before the Court on the civil rights complaint brought pursuant to 42 U.S.C. § 1983 by Plaintiff Tyrell Tolbert (ECF No. 1), and Plaintiff's application to proceed *in forma pauperis*. ECF No. 3. Because Plaintiff's application shows that he is entitled to proceed *in forma pauperis*, that application shall be granted.

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d

1

224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations" under Fed. R. Civ. P. 8(a). *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his complaint, Plaintiff pleads the following facts. On October 30, 2019, another inmate named "Rinkiewicz" "assaulted" him "with hot liquid." ECF No. 1 at 7. The housing officer, Defendant Frias, allegedly "witnessed this and failed to react" in time to prevent the assault. *Id.* Frias also broke up the assault and "fraudulently charged Plaintiff" with fighting. *Id.* Frias also charged Rinkiewicz with fighting. *Id.* at 6. However, Plaintiff fails to assert what, if anything, Frias should have done differently. Still, based on these allegations, Plaintiff seeks to hold Frias, his supervisors Lt. Corell and Sgt. Cordova, and hearing officer Leslie Russell liable for filing purportedly "fraudulent" disciplinary charges against Plaintiff and ultimately finding Plaintiff subject to discipline for fighting. *Id.* at 4-7. While it is not clear from the complaint, it also appears that Plaintiff intends to hold Rinkiewicz liable under § 1983 for assaulting him and purportedly "acting under color of law" during the fight. *Id.* at 7.

2

The filing of a purportedly false disciplinary charge against a prisoner does not alone amount to a violation of a prisoner's civil rights absent some other Due Process violation. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002). Here, as noted above, Plaintiff only alleges that he disagrees with the disciplinary charge and ultimate result of his disciplinary proceeding. Thus, dismissal of Plaintiff's disciplinary-related claim is warranted as Plaintiff has neither pled facts sufficient for this Court to find a potential liberty interest, nor facts which could show a Due Process violation even if such an interest were involved.

Plaintiff also fails to plead a cognizable 'failure to protect' claim against Defendant Frias based on his alleged failure to "react" to the assault. To state an actionable claim for an officer's failure to protect an inmate under the Eighth Amendment, a plaintiff must plead facts which would indicate that the plaintiff was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Moreover, to demonstrate that an officer acted with deliberate indifference, a plaintiff must allege that the officer knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. Here, Plaintiff pleads no facts indicating that Frias knew that Rinkiewicz was inclined to assault Plaintiff, the alleged serious harm. Indeed, Plaintiff concedes that Frias separated Plaintiff from Rinkiewicz once the fight started and thereafter charged the inmates for fighting. Therefore, Plaintiff's claims against Frias must be dismissed for failure to state a claim.

Plaintiff additionally claims that Rinkiewicz is liable under § 1983 for assaulting Plaintiff. However, Plaintiff has failed to allege that Rinkiewicz acted "under color of law," which is required for liability under § 1983, as Plaintiff concedes that Rinkiewicz is a fellow inmate, and

not a state employee, agent, or actor. *See, e.g., Pugh v. Downs*, 641 F. Supp. 2d 468, 471-73 (E.D. Pa. 2009) (a defendant will only be liable under § 1983 where he is a state actor or his actions can be fairly attributed to state action). Therefore, Plaintiff's § 1983 claim against Rinkiewicz warrants dismissal. The Court also declines to exercise supplemental jurisdiction over any state law assault claim that Plaintiff brings against Rinkiewicz. *See* 28 U.S.C. § 1367(c)(3).

In conclusion, Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An appropriate Order follows.

**DATED**: February 7, 2022

                    s/ Claire C. Cecchi
                    **Claire C. Cecchi, U.S.D.J.**